**ROBERT C. JAROSH, #6-3497**
**BILLIE LM ADDLEMAN, #6-3690**
**ERIN E. BERRY, #7-6063**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
rjarosh@hirstapplegate.com
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

**RYAN M. PHILP** *(admitted pro hac vice)*
**ALAN M. MENDELSOHN** *(admitted pro hac vice)*
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
T. (212) 918-3000
F. (212) 918-3100
ryan.philp@hoganlovells.com
alan.mendelsohn@hoganlovells.com

**MARK D. GIBSON, #7-5495**
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
Phone: (303) 899 7300
Fax: (303) 899 7333
mark.gibson@hoganlovells.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Gramercy Distressed Opportunity Fund II, L.P., Gramercy Distressed Opportunity Fund III, L.P., Gramercy Distressed Opportunity Fund III-A, L.P., Gramercy Funds Management LLC, Gramercy EM Credit Total Return Fund, and Roehampton Partners LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Oleg Bakhmatyuk, Nicholas Piazza, SP Capital Management, LLC, Oleksandr Yaremenko, and TNA Corporate Solutions, LLC,<br><br>Defendants. | Civil Action No. 21-cv-00223-NDF |

***PLAINTIFFS' SECOND STATUS REPORT***
***REGARDING SERVICE***

Pursuant to the Court's February 8, 2022 Order Regarding Service (the "Order," Dkt. No. 45), Plaintiffs Gramercy Distressed Opportunity Fund II, L.P., Gramercy Distressed Opportunity Fund III, L.P., Gramercy Distressed Opportunity Fund III-A, L.P., Gramercy Funds Management LLC, Gramercy EM Credit Total Return Fund, and Roehampton Partners LLC (collectively, "Gramercy") respectfully submit this Second Status Report regarding Gramercy's continuing efforts to effectuate service of process on Defendant Oleg Bakhmatyuk in Austria, where he currently resides, including in accordance with The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

As Gramercy indicated in its First Status Report dated February 22, 2022 (the "First Status Report," Dkt. No. 46), Gramercy initiated service of process on Mr. Bakhmatyuk in accordance with the Hague Convention promptly after this case was filed, and has been regularly liaising directly with the Federal Ministry of Justice in Vienna and the Austrian District Court to ensure that service is effectuated as expeditiously as possible. Based on the information then-available, Gramercy expected at the time of the First Status Report that service of process would be effective on Mr. Bakhmatyuk by in or around mid-March 2022. As further set forth below, however, service has not been effectuated to date based on what we believe are efforts by Mr. Bakhmatyuk to evade service. Accordingly, Gramercy is writing to provide the Court with an update on its ongoing efforts to serve Mr. Bakhmatyuk and to seek the Court's guidance.

As conveyed in the First Status Report, it was Gramercy's understanding from conversations with the Austrian District Court's Civil Department that a service file had been deposited at the post office on February 17 for Mr. Bakhmatyuk's retrieval on or before March 1, which we understood constituted valid service under Austrian law as of the first date of deposit, unless Mr. Bakhmatyuk was absent from the service address during this period, in which case

1

service would be deemed effective as of the date he returned to the service address, irrespective of whether he retrieved the file.  Thereafter, within approximately two weeks of March 1, Gramercy hoped to receive confirmation of service from the Ministry.  Thus, as indicated in the First Status Report, Gramercy expected to be able to file proof of service with this Court by in or around mid-March, particularly since the service address (Gutshofstrasse 5, 2522 Oberwaltersdorf) is believed to be Mr. Bakhmatyuk's primary residence.  In fact, Gramercy served Mr. Bakhmatyuk by mail at the same address (as well as others in Vienna) in November 2021 in connection with the Cyprus action, and the proofs of delivery indicated the packages were likely received by Mr. Bakhmatyuk or his family members.

On March 14, however, having received no further information, Hogan Lovells called the Austrian District Court to inquire regarding the status of the confirmation of service, at which time counsel was first informed that the file had not been retrieved because Mr. Bakhmatyuk purportedly was absent from the service address.  Hogan Lovells was further informed that the Austrian District Court had asked the post office to provide it with further details on Mr. Bakhmatyuk's purported absence by March 25, including the duration of his absence, whether the absence is temporary or permanent, and whether there are any new or additional addresses for Mr. Bakhmatyuk.  As a result, the Austrian District Court further informed Hogan Lovells that the case would be re-submitted to the assigned judge, Judge Tschinder, by no later than March 25.

On March 24, Gramercy conducted further due diligence through its counsel in Austria – Cerha Hempel Attorneys at Law Ltd.  Specifically, Austrian counsel contacted the Austrian District Court and was informed that Mr. Bakhmatyuk had submitted a notification of absence with respect to the service address, indicating that he supposedly would be absent from that address until March 22, 2022.  The timing of Mr. Bakhmatyuk's submission of a notification of absence –

in early March 2022, just after Gramercy filed its First Status Report – raises a strong inference that Mr. Bakhmatyuk made that submission to evade service.  Indeed, based on its additional investigations in Austria last week, Gramercy continues to believe that Mr. Bakhmatyuk and his family members reside in Austria.  For example, as of March 16, the Austrian civil registry still listed Mr. Bakhmatyuk as a resident of the address in Oberwaltersdorf where Gramercy has been attempting service.

Thus, on March 25, Gramercy's Austrian counsel filed a Request for Service in the Austrian District Court, which is attached hereto as Exhibit 1 (the "Request for Service") along with a rough electronic translation.  The Request for Service explains that, through its investigations, Gramercy was able to confirm that Mr. Bakhmatyuk continues to reside in Austria and maintain social connections in Vienna, including family members who live in his apartment in Vienna (where he himself is also registered as a principal resident).  It also explains that Mr. Bakhmatyuk was validly served in Vienna in the Cyprus action, has appeared through counsel in Cyprus and is actively defending that action without contesting the validity of service.  The Request for Service therefore states that "[i]nsofar as Oleg Bakhmatyuk has therefore left a notice of absence at the responsible post office and has not picked up the deposited postal item, he is apparently trying to prevent the delivery of further official documents and thus evade due process of law."  Accordingly, Gramercy requested that the Austrian District Court direct further attempts at service to two other known addresses, in addition to the Gutshofstrasse address where the Court has already directed service.

Although Gramercy awaits further information from the Austrian District, it respectfully submits that the current circumstances, including evidence that Mr. Bakhmatyuk is evading service and its substantial expenditure of resources to date, support authorizing alternative service pursuant

to Fed. R. Civ. P. 4(f)(3) to avoid any further delay in this matter. Numerous courts have authorized alternative service on foreign defendants located in countries that are signatories to the Hague Convention where much less effort has been undertaken – indeed, even where the plaintiff did not attempt service through the Hague Convention at all. *See, e.g., Schmitz v. Diao Duoyuan Printing, Inc.,* 2013 WL 12161450 at *3 (D. Wyo. May 13, 2013, Rankin, J.) (authorizing alternative service on defendants in China even though plaintiff had not attempted service through the Hague Convention, and noting "some Courts have not required litigants to attempt service through the Hague Convention where they have demonstrated under Rule 4(f)(3) that the facts and circumstances necessitate the district court's intervention."). Under these authorities, the Court has broad discretion to permit alternative service on Mr. Bakhmatyuk to serve the ends of justice, to avoid further delay and to prevent the unnecessary expenditure of additional resources.

In light of the foregoing, Gramercy invites a conference with the Court to further discuss these matters and next steps. In the event a motion is necessary, Gramercy intends to request that the Court authorize alternative service through one or more of the following methods: (1) by email to Mr. Bakhmatyuk's counsel of record in the Cyprus action; (2) by service on one or more of the Piazza Defendants, either directly or through their counsel of record; (3) by publication in Austria; (4) by email, text or other messaging application to Mr. Bakhmatyuk (to the extent such contact information can be determined); or (5) by any other means the Court deems effective and reasonable.

In the event it is necessary, Gramercy also intends to request, in the alternative, that the Court afford Gramercy limited discovery in aid of its request for alternative service, including discovery from the Piazza Defendants concerning, *inter alia*: (1) whether one or more of the Piazza Defendants or their counsel have maintained contact with Mr. Bakhmatyuk (or his

representatives) such that service may be effectuated on Mr. Bakhmatyuk through them; (2) the existence of any formal or informal common interest or joint defense agreement among Mr. Bakhmatyuk and the Piazza Defendants; (3) all contact information for Mr. Bakhmatyuk, including addresses, emails, and phone numbers, known by the Piazza Defendants; and (4) any information within the Piazza Defendants' possession, custody or control concerning Mr. Bakhmatyuk's current whereabouts.

In advance of submitting this report, a meet-and-confer was conducted regarding the foregoing with counsel for the Piazza Defendants on March 28. During the meet-and-confer, Gramercy's counsel provided counsel for the Piazza Defendants with a brief update on the status of Gramercy's efforts to serve Mr. Bakhmatyuk, and asked, among other things, whether the Piazza Defendants, or their counsel, are or have recently been in contact with Mr. Bakhmatyuk, and whether they would be willing to share his contact information. Gramercy's counsel also asked that the Piazza Defendants confirm whether or not they would oppose a motion for alternative service. The Piazza Defendants responded in writing. Their response, and the parties' subsequent correspondence, is attached as Exhibit 2. In short, the Piazza Defendants indicated that they do not oppose alternative service, but they do oppose service through the Piazza Defendants or discovery. Despite follow-up correspondence, the Piazza Defendants declined to answer Gramercy's questions regarding their or their counsel's contact with Mr. Bakhmatyuk and his contact information.

Accordingly, and for the reasons set forth above, Gramercy respectfully requests that the Court set a conference for the purposes of discussing these matters, or alternatively, Gramercy intends to file a motion seeking some or all of the foregoing relief. In the event there are further developments in Austria in the interim, Gramercy will update the Court accordingly.

Date: March 31, 2022                        Respectfully submitted,

                                                  BY: */s/Robert C. Jarosh*
**ROBERT C. JAROSH, #6-3497**
**BILLIE LM ADDLEMAN, #6-3690**
**ERIN E. BERRY, #7-6063**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
rjarosh@hirstapplegate.com
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

**RYAN M. PHILP (*admitted pro hac vice*)**
**ALAN M. MENDELSOHN *(admitted pro hac vice)***
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
T. (212) 918-3000
F. (212) 918-3100
ryan.philp@hoganlovells.com

**MARK D. GIBSON, #7-5495**
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
Phone: (303) 899 7300
Fax: (303) 899 7333
mark.gibson@hoganlovells.com

## CERTIFICATE OF SERVICE

I certify the foregoing *Plaintiffs' Second Status Report Regarding Service* was served upon all counsel of record in this action pursuant to the Federal Rules of Civil Procedure on March 31, 2022, and that copies were served as follows:

By ECF to:

    Bryson Campbell Smith
    Paula Ann Fleck
    HOLLAND & HART LLP
    PO BOX 68
    Jackson, WY 83001
    307-734-4507
    Email: bcsmith@hollandhart.com
           pfleck@hollandhart.com

    W. Gordon Dobie
    Emily N. Kath
    WINSTON & STRAWN
    35 West Wacker Drive
    Chicago, IL 60601
    312-558-5691
    Email: wdobie@winston.com
           ekath@winston.com

    Jeanifer E. Parsigian
    WINSTON & STRAWN
    101 California Street
    Ste 35th Floor
    San Francisco, CA 94111
    415-591-1000
    Fax: 415-591-1400
    Email: jparsigian@winston.com

                                        s/Shannon M. Ward
                                        OF HIRST APPLEGATE, LLP
                                        Attorneys for Plaintiffs