FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

May 10, 2023

Christopher M. Wolpert
Clerk of Court

GRAMERCY DISTRESSED
OPPORTUNITY FUND II L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III, L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III-A, L.P.;
GRAMERCY FUNDS MANAGEMENT
LLC; GRAMERCY EM CREDIT TOTAL
RETURN FUND; ROEHAMPTON
PARTNERS LLC,

    Plaintiffs - Appellees,

v.

NICHOLAS PIAZZA; SP CAPITAL
MANAGEMENT LLC; OLEKSANDR
YAREMENKO; TNA CORPORATE
SOLUTIONS LLC,

    Defendants - Appellants,

and

OLEG BAKHMATYUK,

    Defendant.
_____

No. 22-8050
(D.C. No. 2:21-CV-00223-NDF)
(D. Wyo.)

GRAMERCY DISTRESSED
OPPORTUNITY FUND II L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III, L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III-A, L.P.;
GRAMERCY FUNDS MANAGEMENT
LLC; GRAMERCY EM CREDIT TOTAL

RETURN FUND; ROEHAMPTON PARTNERS LLC,

    Plaintiffs - Appellees,

v.

OLEG BAKHMATYUK

    Defendant - Appellant,

and

NICHOLAS PIAZZA; SP CAPITAL MANAGEMENT LLC; OLEKSANDR YAREMENKO; TNA CORPORATE SOLUTIONS LLC,

    Defendants.

No. 22-8063
(D.C. No. 2:21-CV-00223-NDF)
(D. Wyo.)

---

**ORDER**

---

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

In these consolidated interlocutory appeals, Defendants seek to reverse the district court's denial of their motions to dismiss, which contended that Plaintiffs are obliged to arbitrate this dispute. Following *Conrad v. Phone Directories Co.*, 585 F.3d 1376 (10th Cir. 2009), we dismiss the appeals for lack of jurisdiction. Although the Federal Arbitration Act (FAA) permits the interlocutory appeal of an order "refusing a stay of any action under section 3 of [the FAA]" or "denying a petition under section 4 of [the FAA] to order arbitration to proceed," 9 U.S.C.

2

§ 16(a)(1)(A), (B), the order that Defendants seek to appeal is not such an order because the motion that it denied included a request for dismissal with prejudice on the merits.[1]

The relevant facts are few. Plaintiffs filed suit against Defendants in the United States District Court for the District of Wyoming alleging claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), *see* 18 U.S.C. § 1962, and various state-law causes of action. Defendants responded to the complaint by filing a motion to dismiss and memorandum in support, arguing both that the action should be stayed or dismissed under the FAA and that the complaint should be dismissed with prejudice on the merits. (In addition, the motion sought dismissal under the doctrine of forum non conveniens and under Federal Rule of Civil Procedure 19 for failure to join indispensable parties.) The district court's order rejected Defendants' arguments that the dispute should be arbitrated and their merits arguments (except for dismissing without prejudice one count against one Defendant). *See Gramercy Distressed Opportunity Fund II, L.P. v. Bakhmatyuk*, No.

---

[1] Because of a delay in service of process, Defendant Oleg Bakhmatyuk proceeded on a different case-management schedule than the other Defendants. As a result, Defendants filed two motions to dismiss—one by all Defendants except Mr. Bakhmatyuk, and the other by Mr. Bakhmatyuk. The two motions made substantially identical arguments (except that Mr. Bakhmatyuk did not argue for dismissal for failure to join an indispensable party), and both motions requested dismissal on the merits *and* relief under the FAA. The district court made substantially similar rulings on both motions, Defendants have pursued a similar appeal on each, and our analysis applies equally to both appeals. Therefore, for convenience we write in terms of only one motion, one order, and one appeal.

21-cv-223, 2022 WL 3091501 (D. Wyo. July 7, 2022).[2] Invoking 9 U.S.C. § 16(a)(1), Defendants appealed only the portion of the order denying relief under the FAA. Plaintiffs moved to dismiss the appeal for lack of jurisdiction.

*Conrad* requires us to grant the motion to dismiss for lack of jurisdiction. Our opinion in that case set forth strict rules for invoking § 16(a)(1). We provided two justifications for such strictness. First, "there is a long-established policy preference in the federal courts disfavoring piecemeal appeals," and "we are bound to construe statutes conferring jurisdiction narrowly." 585 F.3d at 1382; *see also Pre–Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1290 (10th Cir. 2015) ("If there is ambiguity as to whether the instant statute confers federal jurisdiction over this case, we are compelled to adopt a reasonable, narrow construction." (brackets and internal quotation marks omitted)). Second, "where jurisdictional matters are concerned, we prefer clear, bright-line rules." 585 F.3d at 1382. As Justice Gorsuch recently explained:

> Jurisdictional rules, this Court has often said, should be clear and easy to apply. For parties, complex jurisdictional tests complicate a case, eating up time and money as they litigate, not the merits of their claims, but which court is the right court to decide those claims. For courts, jurisdictional rules mark the bounds of their adjudicatory authority. Judges therefore benefit from straightforward rules under which they can readily assure themselves of their power to hear a case, while adventitious rules leave them with almost impossible tasks to perform that squander their limited resources.

---

[2] *See also Gramercy Distressed Opportunity Fund II, L.P. v. Bakhmatyuk*, No. 21-cv-223, 2022 WL 4292978 (D. Wyo. Sept. 15, 2022) (denying Mr. Bakhmatyuk's motion to dismiss).

*Axon Enter., Inc. v. Fed. Trade Comm'n*, 143 S. Ct. 890, 915–16 (2023) (Gorsuch, J., concurring) (citations, brackets, and internal quotation marks omitted). Thus, we interpreted § 16(a) as "encompassing only those motions explicitly brought under the FAA or unmistakably invoking its remedies, rather than all motions founded at least in part on arbitration agreements." *Conrad*, 585 F.3d at 1382; *see id.* at 1383 ("[Section] 16(a) permits interlocutory appeals only over those motions brought explicitly pursuant to the FAA, or motions in which it is unmistakably clear that the defendant seeks only the relief offered by the FAA.").

To effectuate this interpretation, *Conrad* established "a coherent, two-step process" to determine whether we have jurisdiction. *Id.* at 1385. First, we look to whether the motion is "explicitly styled as a motion under the FAA." *Id.* If it is not, we move to step two. For this step:

> [T]he court must look beyond the caption to the essential attributes of the motion itself. *The goal of this inquiry is to determine whether it is plainly apparent from the four corners of the motion that the movant seeks only the relief provided for in the FAA, rather than any other judicially-provided remedy.* To do so, the court should look to the relief requested in the motion. If the essence of the movant's request is that the issues presented be decided exclusively by an arbitrator and not by any court, then the denial of that motion may be appealed under § 16(a).

*Id.* at 1385–86 (citation omitted) (emphasis added).

Defendants' motion does not pass muster under either step. The motion itself was not styled as a motion under the FAA; indeed, it referred to no rule of procedure or any statute in the caption or text. And even if the text of the memorandum in support could be read as seeking relief under the FAA (although the one-sentence

5

Conclusion states, "For the foregoing reasons, the Complaint should be stayed or dismissed pending arbitration, pursuant to [Federal] Rules [of Civil Procedure] 12(b)(1), (2), (6), (7), 19(a), and 19(b)," Aplt. App. at 193), it also requests that the district court dismiss Plaintiffs' claims with prejudice on the merits.

Defendants argue that their motion is distinguishable on the facts from the motion in *Conrad*. But for us to pursue such distinctions would defeat the purpose of having a bright-line rule and violate the precedent set by the published opinion in *Conrad*. *See* 585 F.3d at 1384 (rejecting an approach that "would require courts of appeals carefully to parse the district court motions and memoranda to determine, factually, whether the arguments pressed in the district court sufficiently raised the concerns of the FAA to deem the motion brought 'under section 3' or 'under section 4.'" (quoting 9 U.S.C. § 16(a)(1)(A), (B))).

Defendants also contend that their arguments for dismissal on the merits were made in the alternative to their request for relief under the FAA, and that we should apply the *Conrad* test to the section of their district-court memorandum requesting relief under the FAA. We agree with Defendants that *Conrad* does not preclude pleading in the alternative. But even when a party pleads in the alternative, there may come a point at which a choice must be made. In particular, a party can waive the right to pursue arbitration by simultaneously pursuing merits relief in the courts. After all, one seeking arbitration is contending that judicial review is inappropriate. To pursue adjudication on the merits by the court is contrary to the purported desire to have the claims resolved by an arbitrator in the first instance. We made this very

point in *Conrad*, saying that if "the movant in the district court requests a judicial remedy that is inconsistent with the position that the issues involved may be decided only by the arbitrator, the movant is no longer proceeding exclusively under the FAA and has forfeited [its] right to interlocutory review under § 16(a)." *Id.* at 1386; *see also Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 773 (10th Cir. 2010) ("An important consideration [in determining whether a party has forfeited the right to demand arbitration] is whether the party now seeking arbitration is improperly manipulating the judicial process."). A defendant should not be permitted to see whether the district court is receptive to its merits arguments before deciding whether to appeal the denial of a request to compel arbitration. Our approach does not set a trap for unwary litigants. In *Conrad* we noted the procedure that can be followed by a party that seeks arbitration but wishes the district court to rule in its favor on the merits if arbitration is denied: "If a party files a motion under FAA §§ 3 or 4, that motion is denied by the court, and the denial is affirmed on interlocutory appeal, nothing prevents that party from then filing a Rule 12 motion to dismiss." 585 F.3d at 1383 n.2.

We recognize that waiver is not ordinarily a jurisdictional issue (although perhaps it may moot the dispute, *see Kaw Nation v. Norton*, 405 F.3d 1317, 1322 (Fed. Cir. 2005) (appeal was moot because government had paid the funds that were the subject of the original dispute and had "waived any right it might have to recover those payments.")), and one could argue that *Conrad* improperly mixed the waiver

issue with the jurisdictional issue. But it remains binding precedent in this circuit, it facilitates appellate review, and capable counsel can easily follow its precepts.

For the foregoing reasons, we DISMISS Defendants' appeals for lack of jurisdiction and REMAND to the district court for further proceedings.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert  
Clerk of Court

Jane K. Castro  
Chief Deputy Clerk

May 10, 2023

To Counsel of Record

**RE:**  22-8050, 22-8063, Gramercy Distressed Opportunity Fund, et al v. Piazza, et al
Dist/Ag docket: 2:21-CV-00223-NDF

Dear Counsel:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

CMW/klp