# EXHIBIT A

Nos. 22-8050 and 22-8063

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

GRAMERCY DISTRESSED OPPORTUNITY FUND II, L.P.;
GRAMERCY DISTRESSED OPPORTUNITY FUND III, L.P.;
GRAMERCY DISTRESSED OPPORTUNITY FUND III-A, L.P.;
GRAMERCY FUNDS MANAGEMENT LLC;
GRAMERCY EM CREDIT TOTAL RETURN FUND; AND
ROEHAMPTON PARTNERS LLC,

*Plaintiffs-Appellees*,

v.

OLEG BAKHMATYUK; NICHOLAS PIAZZA; SP CAPITAL
MANAGEMENT, LLC; OLEKSANDR YAREMENKO; AND
TNA CORPORATE SOLUTIONS, LLC,

*Defendants-Appellants*.

On appeal from the U.S. District Court for the District of Wyoming
Honorable Nancy D. Freudenthal
No. 21-CV-223-F

## APPELLANTS' PETITION FOR REHEARING EN BANC

Gregory E. Goldberg
Christopher M. Jackson
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Tel: (303) 295-8000
cmjackson@hollandhart.com
gegoldberg@hollandhart.com

W. Gordon Dobie
Katherine L. Kyman
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-5600
wdobie@winston.com
kkyman@winston.com

Jeanifer E. Parsigian
Winston & Strawn LLP
101 California St., 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591−1000
jparsigian@winston.com

Emily N. Kath
Winston & Strawn LLP
1901 L Street, N.W.
Washington, DC 20036-3506
Tel: (202) 282-5000
ekath@winston.com

# TABLE OF CONTENTS

**Page**

Table of Authorities ...................................................................................ii

Rule 35 Statement .................................................................................... 1

Statement of the Case ............................................................................. 3

Reasons for Granting Rehearing En Banc ............................................. 7

I.      *Conrad* and the Order conflict with Supreme Court precedent.............................................................................................. 7

II.     *Conrad* and the Order conflict with another decision of this Court. ................................................................................................ 10

III.    *Conrad* and the Order conflict with authoritative decisions of other circuit courts. ....................................................................... 12

IV.     *Conrad* and the Order involve a question of exceptional importance. ...................................................................................... 14

Conclusion ............................................................................................. 15

Attachment (May 10, 2023 Order) ....................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arthur Andersen LLP v. Carlisle*,
    556 U.S. 624 (2009)................................................................*passim*

*Badgerow v. Walters*,
    142 S. Ct. 1310 (2022)...................................................................14

*Brigance v. Vail Summit Resorts, Inc.*,
    883 F.3d 1243 (10th Cir. 2018) ...........................................................11

*Cappuccitti v. DirecTV, Inc.*,
    623 F.3d 1118 (11th Cir. 2010) ..........................................................13

*Cmty. State Bank v. Strong*,
    508 F.3d 576 (11th Cir. 2007) (en banc) .............................................14

*Conrad v. Phone Directories Co.*,
    585 F.3d 1376 (10th Cir. 2009) .....................................................*passim*

*Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*,
    2023 U.S. App. LEXIS 8887 (11th Cir. 2023) (en banc)...................15

*Devon Robotics, LLC v. DeViedma*,
    798 F.3d 136 (3d. Cir. 2015) ...............................................3, 12, 13

*Green Tree Fin. Corp.-Ala. v. Randolph*,
    531 U.S. 79 (2000).........................................................................8, 15

*Grosvenor v. Qwest Corp.*,
    733 F.3d 990 (10th Cir. 2013) ...............................................3, 11, 12

*Hobby Lobby Stores, Inc. v. Sebelius*,
    723 F.3d 1114 (10th Cir. 2013) (en banc) ...........................................7

*Kyocera Corp. v. Prudential-Bache T Servs.*,
    341 F.3d 987 (9th Cir. 2003) (en banc) ..............................................14

*Lamps Plus, Inc. v. Varela*,
    139 S. Ct. 1407 (2019).......................................................................14

*Morrison v. Circuit City Stores*,
  317 F.3d 646 (6th Cir. 2003) (en banc) ............................................................15

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ............................................................................................8, 15

*Nagrampa v. MailCoups, Inc.*,
  469 F.3d 1257 (9th Cir. 2006) (en banc) ..........................................................15

*Positive Software Solutions, Inc. v. New Century Mortg. Corp.*,
  476 F.3d 278 (5th Cir. 2007) (en banc) ............................................................15

*Safety Nat'l Cas. Corp. v. Certain Underwriters*,
  587 F.3d 714 (5th Cir. 2009) (en banc) ............................................................15

*Suburban Leisure Ctr., Inc. v. AMF Bowling Prods., Inc.*,
  468 F.3d 523 (8th Cir. 2006) ............................................................................13

*United States ex rel. Dorsa v. Miraca Sci., Inc.*,
  983 F.3d 885 (6th Cir. 2020) ............................................................................13

*USW v. St. Gobain Ceramics & Plastics, Inc.*,
  505 F.3d 417 (6th Cir. 2007) (en banc) ............................................................15

### STATUTES AND RULES

9 U.S.C. § 16 ......................................................................................*passim*

10th Cir. R. 32(B) ...................................................................................18

10th Cir. R. 35.1(A) .....................................................................10, 12, 14

10th Cir. R. 35.7 ......................................................................................7

F.R.C.P. 12 .............................................................................................12

FAA § 3 ...........................................................................................*passim*

FAA § 4 ....................................................................................................9

Fed. R. App. P. 32(a)(5) ..........................................................................18

Fed. R. App. P. 32(a)(6) ..........................................................................18

Fed. R. App. P. 32(f) .................................................................................18

Fed. R. App. P. 35(b)(1)(A) ...............................................................10, 12

Fed. R. App. P. 35(b)(1)(B) ...............................................................12, 14

Fed. R. App. P. 35(b)(2)(A) .....................................................................18

Fed. R. Civ. P. 12(b) ................................................................................12

## OTHER AUTHORITIES

Bobby R. Baldock et al., *Strategic Considerations for Going
    En Banc in the Tenth Circuit*, 100 DENVER L. REV. 325, 335 (2023) ...............12

Jean R. Sternlight, *Creeping Mandatory Arbitration: Is It Just?*, 57 STAN. L.
    REV. 1631 (2005) .........................................................................15

*"WHIMSY LITTLE CONTRACTS" WITH UNEXPECTED CONSEQUENCES: AN
    EMPIRICAL ANALYSIS OF CONSUMER UNDERSTANDING OF ARBITRATION
    AGREEMENTS*, 75 MD. L. REV. 1, 1 (2015) .........................................15

## RULE 35 STATEMENT

This appeal is about the scope of the Court's jurisdiction to review an interlocutory order denying a request to compel arbitration under the Federal Arbitration Act ("FAA").

Plaintiffs-Appellees (collectively, "Gramercy") filed a complaint asserting RICO and common law tort claims. In response, Defendants-Appellants filed a motion arguing, among other things, that the parties must arbitrate their dispute. The trial court denied the motion, and the Appellants appealed that interlocutory order under 9 U.S.C. § 16(a)(1)(A), which permits a party to appeal an order "refusing a stay of any action under section 3 of [the FAA]."

The purpose of that statute is clear: it grants an immediate right to appeal an order denying arbitration to avoid a potentially colossal waste of both the judiciary's and the parties' resources. If an order like this isn't immediately appealable, then the Court and the parties must litigate the case to final judgment only to have an appellate court overturn that judgment years later if the case should have been sent to arbitration in the first place.

This Court, however, never reached the merits of the appeal.  The panel's May 10, 2023 Order ("Order") concluded that the Court lacked appellate jurisdiction over the case.  The Order held that although Appellants' motion requested a stay pending arbitration, it was captioned as a "motion to dismiss" and included other arguments made in the alternative—and therefore fell outside of 9 U.S.C. § 16's scope.  In the panel's view, the critical flaw was that Appellants didn't break out their motion into two separate filings.

In applying this hyper-technical rule, the panel relied on *Conrad v. Phone Directories Co.*, 585 F.3d 1376 (10th Cir. 2009), which—contrary to Supreme Court precedent and the FAA—improperly narrowed the scope of interlocutory review under 9 U.S.C. § 16.  Indeed, the Order itself noted that Conrad may have "improperly mixed" two different issues, but the panel nevertheless followed it because "it remains binding precedent in this circuit . . . ."  Order at 7–8.

En banc review of the Order—and, by extension, of Conrad—is justified for four reasons.  Both *Conrad* and the Order:

1.     Conflict with a decision of the US Supreme Court.  *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009) ("By that provision's

clear and unambiguous terms, any litigant who asks for a stay under § 3 is entitled to an immediate appeal from denial of that motion—regardless of whether the litigant is in fact eligible for a stay.").

2.  Conflict with another decision of this Court.  *Grosvenor v. Qwest Corp.*, 733 F.3d 990, 1000 (10th Cir. 2013) ("Had [the defendant] sought an order granting it summary judgment on the issue of contract formation <u>and</u> an order compelling arbitration, there would be no question as to our jurisdiction.").

3.  Conflict with authoritative decisions of other circuit courts. *See Devon Robotics, LLC v. DeViedma*, 798 F.3d 136, 145 (3d. Cir. 2015) (acknowledging that courts of appeals "have answered [this jurisdictional question] in a variety of ways").

4.  Involve a question of exceptional importance—namely, the scope of an appellate court's jurisdiction over disputes under the FAA. Consideration by the full Court is therefore necessary to secure and maintain uniformity of the Court's decisions.

### STATEMENT OF THE CASE

Gramercy filed a complaint against the five Defendants-Appellants, alleging a variety of RICO and common law tort claims.

Appellants responded by filing a document titled "motion to dismiss"
and a memorandum in support that raised several arguments in the
alternative.[1]  The very first argument was that the trial court should
stay or dismiss the lawsuit because the dispute is subject to binding
arbitration under the FAA.  1-JA 135; 13-JA 3194.

The motion expressly invoked the FAA, repeatedly asked the court
to "stay" or "stay or dismiss" the litigation, and stated that it was "a
request to refer an international dispute to arbitration" and that the
court should "refer this dispute to arbitration in London."  1-JA 156,
157; 13-JA 3209–14.  The motion's conclusion said, "For the foregoing
reasons, the Complaint should be stayed or dismissed pending
arbitration . . . ."  1-JA 195; 13-JA 3225 (same).  The motion made other
arguments as well, asserting in the alternative that the complaint
should be dismissed for lack of personal jurisdiction, *forum non
conveniens*, and failure to state a claim. 1–JA 177–93; 13-JA 3215–24.

---

[1] As the Order explains, because of a delay in service of process,
Appellant Oleg Bakhmatyuk proceeded on a different schedule than the
other defendants, and as a result, Appellants filed two motions.  The
motions made substantially similar arguments, and the district court
made substantially similar rulings denying them both.  *See* Order at 3
n.1.

In its response, Gramercy addressed the arbitration question head-on, arguing that the dispute isn't subject to arbitration.  JA-11 2682–88; JA-14 3406–14.  The district court ultimately sided with Gramercy, concluding that the Appellants did not meet "their burden to show that the case should be dismissed or stayed due to the arbitration clauses in the Trust Deeds."  JA-13 3166; *see also* JA-14 at 3544 ("[T]he Court denies Bakhmatyuk's motion to stay or dismiss in favor of arbitration.").

Appellants appealed under 9 U.S.C. § 16.  Gramercy moved to dismiss for lack of jurisdiction, arguing that Appellants' motion did not satisfy the "bright-line" test adopted by *Conrad*.  Aug. 16, 2022 Appellees' Mot. to Dismiss.  The Court deferred ruling on the motion, the parties briefed the merits of the appeal, and the Court set the case for oral argument.  Several weeks later, the Court removed the case from the argument calendar and issued its May 10 Order dismissing the appeal.

In that Order, the Court applied *Conrad*'s "'two-step process' to determine whether we have jurisdiction."  Order at 5 (quoting *Conrad*, 585 F.3d at 1385).  "First, we look to whether the motion is 'explicitly

styled as a motion under the FAA.'" *Id.* (quoting *Conrad*, 585 F.3d at 1385). The Court held that the motion at issue here was not, but was instead titled a "motion to dismiss." *Id.* *Conrad*'s second step asks "whether it is plainly apparent from the four corners of the motion that the movant seeks only the relief provided for in the FAA . . . ." *Id.* (quoting *Conrad*, 585 F.3d at 1385–86). The Court held that the motion "does not pass muster" because "even if the text of the memorandum in support could be read as seeking relief under the FAA . . .², it also requests that the district court dismiss Plaintiffs' claims with prejudice on the merits." *Id.* at 5–6. The Court acknowledged that "one could argue that *Conrad* improperly mixed the [] issue [of whether the litigant there waived its arbitration rights] with the jurisdictional issue" and that "waiver is not ordinarily a jurisdictional issue." *Id.* at 7–8. But it noted that *Conrad* "remains binding precedent in this circuit," and therefore applied it. *Id.* at 8.

---

² The district court order itself refers to it as a "*Motion to Stay or Dismiss* Based on Arbitration Clauses" and states that the "*Defendants argue the case must be stayed or dismissed*" based on the arbitration clauses in the trust deeds. JA-13 3158 (emphasis added). Indeed, Bakhmatyuk plainly argued that the "Court *must stay this litigation and compel arbitration in London.*" 13-JA 3209 (emphasis added).

REASONS FOR GRANTING REHEARING EN BANC

The Court should grant the petition for rehearing en banc.[3]

## I.  *Conrad* and the Order conflict with Supreme Court precedent.

"Ordinarily, courts of appeals have jurisdiction only over 'final decisions' of district courts." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009).  However, the FAA "makes an exception to that finality requirement." *Id.*  Section 16 provides that "[a]n appeal may be taken from . . . . an order . . . refusing a stay of any action under section 3 of this title."  9 U.S.C. § 16(a)(1)(A).  As noted above, the purpose of this provision is to avoid a potentially colossal waste of resources by having the parties litigate a dispute to final judgment only to have that judgment overturned when an appellate court determines that arbitration was the proper forum.  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 85–86 (2000) (FAA's goal is "'moving the parties

---

[3] The Court's local rules provide that "procedural and interim orders" are not properly the subject of a petition for rehearing en banc. 10th Cir. R. 35.7.  The Order isn't procedural or interim because it fully and finally resolves the appeal in this matter.  The fact that the trial court hasn't yet entered a final judgment doesn't change the analysis.  In fact, this Court has granted initial en banc consideration to review the denial of a preliminary injunction.  *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1125 (10th Cir. 2013) (en banc).

to an arbitrable dispute out of court and into arbitration as quickly and easily as possible'" and to further that purpose, "§ 16 generally permits immediate appeal of orders hostile to arbitration . . . .") (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).

The Supreme Court has confirmed that § 16's text is unequivocal: "By that provision's clear and unambiguous terms, *any litigant* who asks for a stay under § 3 *is entitled to an immediate appeal* from denial of that motion—regardless of whether the litigant is in fact eligible for a stay." *Arthur Andersen*, 556 U.S. at 627 (emphasis added). Later the Supreme Court emphasized that the test is a simple one: courts need only ask "whether § 3 was invoked in a denied stay request." *Id.* at 629.

Despite this clear direction, both *Conrad* and the Order indisputably impose a jurisdictional requirement over and above "ask[ing] for a stay" under the FAA. *Conrad* adopted a wooden and somewhat arbitrary two-step inquiry that first looks to the motion's title—that is, whether the defendant "caption[ed] the motion in the district court as one brought under FAA §§ 3 or 4." *Conrad*, 585 F.3d at 1385; *see also id.* ("[T]hose hoping to avail themselves of the immediate

8

appeal provided for in the FAA would do well to follow" this rule).  If the motion did not, then it must be "plainly apparent from the four corners of the motion that the movant seeks only the relief provided for in the FAA, rather than any other judicially-provided remedy."  *Id.*  Likewise, in this case, the Order explicitly acknowledged that *Conrad* adopted "strict rules for invoking § 16(a)(1)."  Order at 4.

To justify grafting this judicially created impediment onto the statute, *Conrad* and the Order relied on a preference for "clear, bright-line rules" "where jurisdictional matters are concerned" and a "policy preference . . . . disfavoring piecemeal appeals."  *Conrad*, 585 F.3d at 1382; Order at 4–5 (discussing these two policy preferences).  But *Arthur Andersen* specifically rejected this line of reasoning.  There, the respondents claimed that an adverse ruling would "produce a long parade of horribles, enmeshing courts in fact-intensive jurisdictional inquiries and permitting frivolous interlocutory appeals."  *Arthur Andersen*, 556 U.S. at 629.  The Supreme Court rejected those arguments, noting that they could not "surmount the plain language of the statute . . . ."  *Id.*; *see also id.* at 633–34 (dissent invoked concern

about "piecemeal appeals" and preference for a "bright-line rule")
(Souter, J., dissenting).

Notably, even the Order itself recognized that *Conrad* might have
gotten it wrong. Specifically, the Court recognized that "one could
argue that *Conrad* improperly mixed the waiver issue with the
jurisdictional issue." Order at 7. But because *Conrad* "remains binding
precedent in this circuit," the panel was required to follow it. Order at
8. Thus, because the jurisdictional holding in both the Order and
*Conrad* cannot be reconciled with *Arthur Andersen*, the Court should
grant the petition. *See* Fed. R. App. P. 35(b)(1)(A); 10th Cir. R. 35.1(A).

## II. *Conrad* and the Order conflict with another decision of this Court.

Both *Conrad* and the Order deny a party the right to interlocutory
review of an order denying a motion to compel arbitration if that motion
is combined with any other requested relief. *Conrad*, 585 F.3d at 1383
(must be "unmistakably clear that the defendant seeks only the relief
offered by the FAA"); Order at 5–6 (no jurisdiction because the motion
"also requests that the district court dismiss Plaintiffs' claims with
prejudice on the merits.").

That holding cannot be reconciled with a previous Tenth Circuit decision. In *Grosvenor v. Qwest Corp.*, the Court had to determine whether it had appellate jurisdiction over a motion that arguably sought an order compelling arbitration under the FAA. 733 F.3d 990, 996 (10th Cir. 2013). Though the Court purported to apply *Conrad*, it reached the opposite conclusion on the question of whether a party could combine a motion to compel arbitration with a request for other relief: "Had Qwest sought an order granting it summary judgment on the issue of contract formation <u>and</u> an order compelling arbitration, there would be no question as to our jurisdiction." *Id.* at 1000 (emphasis in original).

The *Qwest* opinion is consistent with longstanding practice in this Court that parties may argue in the alternative. *E.g.*, *Brigance v. Vail Summit Resorts, Inc.*, 883 F.3d 1243, 1248 (10th Cir. 2018) ("We AFFIRM the district court's grant of summary judgment in favor of VSRI and, on this alternative basis, its partial grant of VSRI's motion to dismiss."). Indeed, the Federal Rules of Civil Procedure expressly provide that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading *or in a*

*motion*." Fed. R. Civ. P. 12(b) (emphasis added). This makes sense. It shields the district court from avalanches of separate, free-standing motions where requests for relief can be neatly organized—as they were in this case—in one filing.

In short, the Order and *Conrad* are inconsistent with *Qwest* and Fed. R. Civ. P. 12. The Court should thus grant the petition. Fed. R. App. P. 35(b)(1)(A); 10th Cir. R. 35.1(A).

## III. *Conrad* and the Order conflict with authoritative decisions of other circuit courts.

The Tenth Circuit's decisions are also in conflict with published opinions from other circuit courts. Fed. R. App. P. 35(b)(1)(B); Bobby R. Baldock et al., *Strategic Considerations for Going En Banc in the Tenth Circuit*, 100 DENVER L. REV. 325, 335 (2023) ("An intercircuit conflict . . . is an important consideration for en banc review . . . .").

There are two distinct circuits splits. *First*, a split exists on the proper test to determine whether an appellate court has jurisdiction under § 16. The Third Circuit expressly acknowledged that fact in *Devon Robotics*, 798 F.3d 136. At issue there was whether the court should construe the denial of another dispositive motion—this time, one for summary judgment—"as a denial of a motion to compel arbitration."

*Id.* at 144–45.  The Third Circuit noted that "[m]ost Courts of Appeals have addressed this question only in the context of motions to dismiss, and they have answered it in a variety of ways."  *Id.* at 145.  The appellate court reviewed its sister circuits' decisions and grouped them into three categories: a "narrow approach" (Second and D.C. Circuits), a "broad approach" (First and Sixth Circuits), and a "functional approach" (Fourth and Tenth Circuits).  *Id.* at 145–46.

*Second*, there is a circuit split over whether § 16 permits interlocutory review when the motion below combined a request to compel arbitration with a request to dismiss the complaint.  At least four circuits have held—contrary to this Court in the Order—that § 16 does not "bar[] jurisdiction where both a motion to compel arbitration and a motion to dismiss . . . are made in the alternative."  *Devon Robotics, LLC v. DeViedma*, 798 F.3d 136, 147 (3d Cir. 2015); *see also United States ex rel. Dorsa v. Miraca Sci., Inc.*, 983 F.3d 885, 889 (6th Cir. 2020); *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1121 (11th Cir. 2010); *Suburban Leisure Ctr., Inc. v. AMF Bowling Prods., Inc.*, 468 F.3d 523, 524–25 (8th Cir. 2006).  The full Court should

reconsider the Order and *Conrad*, which push against the weight of authority from other circuits.

## IV.   *Conrad* and the Order involve a question of exceptional importance.

Finally, the question posed by this petition is exceptionally important.  Fed. R. App. P. 35(b)(1)(B); 10th Cir. R. 35.1(A).  Indeed, other circuit courts have granted en banc review to consider jurisdictional issues arising under the FAA.  *Cmty. State Bank v. Strong*, 508 F.3d 576, 576 (11th Cir. 2007) (en banc) (granting rehearing en banc on a question involving subject matter jurisdiction over a motion to compel arbitration); *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) (granting rehearing en banc in case involving "the proper standard for review of arbitral decisions under the Federal Arbitration Act").  Likewise, the Supreme Court regularly grants certiorari to consider jurisdictional issues like this one.  *E.g.*, *Badgerow v. Walters*, 142 S. Ct. 1310 (2022); *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019); *Arthur Andersen*, 556 U.S. 624; *Randolph*, 531 U.S. 79; *Moses H. Cone*, 460 U.S. 1.[4]

---

[4] Circuit courts have also granted en banc review in a number of other FAA cases.  *E.g.*, *Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*,

14

The importance of this issue is underscored by the fact that arbitration agreements are extraordinarily common, even ubiquitous in today's world.  *E.g.*, Jean R. Sternlight, *Creeping Mandatory Arbitration: Is It Just?*, 57 STAN. L. REV. 1631 (2005) (discussing the proliferation of mandatory arbitration agreements); Jeff Sovern et al., "*WHIMSY LITTLE CONTRACTS*" *WITH UNEXPECTED CONSEQUENCES: AN EMPIRICAL ANALYSIS OF CONSUMER UNDERSTANDING OF ARBITRATION AGREEMENTS*, 75 MD. L. REV. 1, 1 (2015) ("Arbitration contracts have become ubiquitous in consumer contracts.").  These authorities confirm that "the challenged decision will have significant consequences beyond the case in which it is issued," and that en banc review is therefore appropriate.  Baldock et al., *supra*, at 334.

## CONCLUSION

The Court should grant the petition for rehearing en banc.

---

2023 U.S. App. LEXIS 8887 (11th Cir. 2023) (en banc); *Safety Nat'l Cas. Corp. v. Certain Underwriters*, 587 F.3d 714 (5th Cir. 2009) (en banc); *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278 (5th Cir. 2007) (en banc); *USW v. St. Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417 (6th Cir. 2007) (en banc); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) (en banc); *Morrison v. Circuit City Stores*, 317 F.3d 646 (6th Cir. 2003) (en banc).

DATE: May 24, 2023

_/s/ Christopher M. Jackson_
Gregory E. Goldberg
Christopher M. Jackson
HOLLAND & HART LLP

W. Gordon Dobie
Jeanifer E. Parsigian
Emily N. Kath
Katherine Kyman
WINSTON & STRAWN LLP

**ATTACHMENT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 10, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

GRAMERCY DISTRESSED
OPPORTUNITY FUND II L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III, L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III-A, L.P.;
GRAMERCY FUNDS MANAGEMENT
LLC; GRAMERCY EM CREDIT TOTAL
RETURN FUND; ROEHAMPTON
PARTNERS LLC,

      Plaintiffs - Appellees,

v.

NICHOLAS PIAZZA; SP CAPITAL
MANAGEMENT LLC; OLEKSANDR
YAREMENKO; TNA CORPORATE
SOLUTIONS LLC,

      Defendants - Appellants,

and

OLEG BAKHMATYUK,

      Defendant.

No. 22-8050
(D.C. No. 2:21-CV-00223-NDF)
(D. Wyo.)

GRAMERCY DISTRESSED
OPPORTUNITY FUND II L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III, L.P.;
GRAMERCY DISTRESSED
OPPORTUNITY FUND III-A, L.P.;
GRAMERCY FUNDS MANAGEMENT
LLC; GRAMERCY EM CREDIT TOTAL

RETURN FUND; ROEHAMPTON
PARTNERS LLC,

      Plaintiffs - Appellees,

v.

OLEG BAKHMATYUK

      Defendant - Appellant,

and

NICHOLAS PIAZZA; SP CAPITAL
MANAGEMENT LLC; OLEKSANDR
YAREMENKO; TNA CORPORATE
SOLUTIONS LLC,

      Defendants.

No. 22-8063
(D.C. No. 2:21-CV-00223-NDF)
(D. Wyo.)

---

## ORDER

---

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

In these consolidated interlocutory appeals, Defendants seek to reverse the

district court's denial of their motions to dismiss, which contended that Plaintiffs are

obliged to arbitrate this dispute. Following *Conrad v. Phone Directories Co.*, 585

F.3d 1376 (10th Cir. 2009), we dismiss the appeals for lack of jurisdiction. Although

the Federal Arbitration Act (FAA) permits the interlocutory appeal of an order

"refusing a stay of any action under section 3 of [the FAA]" or "denying a petition

under section 4 of [the FAA] to order arbitration to proceed," 9 U.S.C.

2

§ 16(a)(1)(A), (B), the order that Defendants seek to appeal is not such an order because the motion that it denied included a request for dismissal with prejudice on the merits.[1]

The relevant facts are few. Plaintiffs filed suit against Defendants in the United States District Court for the District of Wyoming alleging claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), *see* 18 U.S.C. § 1962, and various state-law causes of action. Defendants responded to the complaint by filing a motion to dismiss and memorandum in support, arguing both that the action should be stayed or dismissed under the FAA and that the complaint should be dismissed with prejudice on the merits. (In addition, the motion sought dismissal under the doctrine of forum non conveniens and under Federal Rule of Civil Procedure 19 for failure to join indispensable parties.) The district court's order rejected Defendants' arguments that the dispute should be arbitrated and their merits arguments (except for dismissing without prejudice one count against one Defendant). *See Gramercy Distressed Opportunity Fund II, L.P. v. Bakhmatyuk*, No.

---

[1] Because of a delay in service of process, Defendant Oleg Bakhmatyuk proceeded on a different case-management schedule than the other Defendants. As a result, Defendants filed two motions to dismiss—one by all Defendants except Mr. Bakhmatyuk, and the other by Mr. Bakhmatyuk. The two motions made substantially identical arguments (except that Mr. Bakhmatyuk did not argue for dismissal for failure to join an indispensable party), and both motions requested dismissal on the merits *and* relief under the FAA. The district court made substantially similar rulings on both motions, Defendants have pursued a similar appeal on each, and our analysis applies equally to both appeals. Therefore, for convenience we write in terms of only one motion, one order, and one appeal.

21-cv-223, 2022 WL 3091501 (D. Wyo. July 7, 2022).[2] Invoking 9 U.S.C. § 16(a)(1),
Defendants appealed only the portion of the order denying relief under the FAA.
Plaintiffs moved to dismiss the appeal for lack of jurisdiction.

*Conrad* requires us to grant the motion to dismiss for lack of jurisdiction. Our
opinion in that case set forth strict rules for invoking § 16(a)(1). We provided two
justifications for such strictness. First, "there is a long-established policy preference
in the federal courts disfavoring piecemeal appeals," and "we are bound to construe
statutes conferring jurisdiction narrowly." 585 F.3d at 1382; *see also Pre–Paid Legal
Servs., Inc. v. Cahill*, 786 F.3d 1287, 1290 (10th Cir. 2015) ("If there is ambiguity as
to whether the instant statute confers federal jurisdiction over this case, we are
compelled to adopt a reasonable, narrow construction." (brackets and internal
quotation marks omitted)). Second, "where jurisdictional matters are concerned, we
prefer clear, bright-line rules." 585 F.3d at 1382. As Justice Gorsuch recently
explained:

> Jurisdictional rules, this Court has often said, should be clear and easy to
> apply. For parties, complex jurisdictional tests complicate a case, eating up
> time and money as they litigate, not the merits of their claims, but which
> court is the right court to decide those claims. For courts, jurisdictional
> rules mark the bounds of their adjudicatory authority. Judges therefore
> benefit from straightforward rules under which they can readily assure
> themselves of their power to hear a case, while adventitious rules leave
> them with almost impossible tasks to perform that squander their limited
> resources.

---

[2] *See also Gramercy Distressed Opportunity Fund II, L.P. v. Bakhmatyuk*, No.
21-cv-223, 2022 WL 4292978 (D. Wyo. Sept. 15, 2022) (denying Mr. Bakhmatyuk's
motion to dismiss).

*Axon Enter., Inc. v. Fed. Trade Comm'n*, 143 S. Ct. 890, 915–16 (2023) (Gorsuch, J.,

concurring) (citations, brackets, and internal quotation marks omitted). Thus, we

interpreted § 16(a) as "encompassing only those motions explicitly brought under the

FAA or unmistakably invoking its remedies, rather than all motions founded at least

in part on arbitration agreements." *Conrad*, 585 F.3d at 1382; *see id.* at 1383

("[Section] 16(a) permits interlocutory appeals only over those motions brought

explicitly pursuant to the FAA, or motions in which it is unmistakably clear that the

defendant seeks only the relief offered by the FAA.").

To effectuate this interpretation, *Conrad* established "a coherent, two-step

process" to determine whether we have jurisdiction. *Id.* at 1385. First, we look to

whether the motion is "explicitly styled as a motion under the FAA." *Id.* If it is not,

we move to step two. For this step:

> [T]he court must look beyond the caption to the essential attributes of the
> motion itself. *The goal of this inquiry is to determine whether it is plainly
> apparent from the four corners of the motion that the movant seeks only the
> relief provided for in the FAA, rather than any other judicially-provided
> remedy.* To do so, the court should look to the relief requested in the
> motion. If the essence of the movant's request is that the issues presented
> be decided exclusively by an arbitrator and not by any court, then the denial
> of that motion may be appealed under § 16(a).

*Id.* at 1385–86 (citation omitted) (emphasis added).

Defendants' motion does not pass muster under either step. The motion itself

was not styled as a motion under the FAA; indeed, it referred to no rule of procedure

or any statute in the caption or text. And even if the text of the memorandum in

support could be read as seeking relief under the FAA (although the one-sentence

Conclusion states, "For the foregoing reasons, the Complaint should be stayed or dismissed pending arbitration, pursuant to [Federal] Rules [of Civil Procedure] 12(b)(1), (2), (6), (7), 19(a), and 19(b)," Aplt. App. at 193), it also requests that the district court dismiss Plaintiffs' claims with prejudice on the merits.

Defendants argue that their motion is distinguishable on the facts from the motion in *Conrad*. But for us to pursue such distinctions would defeat the purpose of having a bright-line rule and violate the precedent set by the published opinion in *Conrad*. *See* 585 F.3d at 1384 (rejecting an approach that "would require courts of appeals carefully to parse the district court motions and memoranda to determine, factually, whether the arguments pressed in the district court sufficiently raised the concerns of the FAA to deem the motion brought 'under section 3' or 'under section 4.'" (quoting 9 U.S.C. § 16(a)(1)(A), (B))).

Defendants also contend that their arguments for dismissal on the merits were made in the alternative to their request for relief under the FAA, and that we should apply the *Conrad* test to the section of their district-court memorandum requesting relief under the FAA. We agree with Defendants that *Conrad* does not preclude pleading in the alternative. But even when a party pleads in the alternative, there may come a point at which a choice must be made. In particular, a party can waive the right to pursue arbitration by simultaneously pursuing merits relief in the courts. After all, one seeking arbitration is contending that judicial review is inappropriate. To pursue adjudication on the merits by the court is contrary to the purported desire to have the claims resolved by an arbitrator in the first instance. We made this very

point in *Conrad*, saying that if "the movant in the district court requests a judicial remedy that is inconsistent with the position that the issues involved may be decided only by the arbitrator, the movant is no longer proceeding exclusively under the FAA and has forfeited [its] right to interlocutory review under § 16(a)." *Id.* at 1386; *see also Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 773 (10th Cir. 2010) ("An important consideration [in determining whether a party has forfeited the right to demand arbitration] is whether the party now seeking arbitration is improperly manipulating the judicial process."). A defendant should not be permitted to see whether the district court is receptive to its merits arguments before deciding whether to appeal the denial of a request to compel arbitration. Our approach does not set a trap for unwary litigants. In *Conrad* we noted the procedure that can be followed by a party that seeks arbitration but wishes the district court to rule in its favor on the merits if arbitration is denied: "If a party files a motion under FAA §§ 3 or 4, that motion is denied by the court, and the denial is affirmed on interlocutory appeal, nothing prevents that party from then filing a Rule 12 motion to dismiss." 585 F.3d at 1383 n.2.

We recognize that waiver is not ordinarily a jurisdictional issue (although perhaps it may moot the dispute, *see Kaw Nation v. Norton*, 405 F.3d 1317, 1322 (Fed. Cir. 2005) (appeal was moot because government had paid the funds that were the subject of the original dispute and had "waived any right it might have to recover those payments.")), and one could argue that *Conrad* improperly mixed the waiver

issue with the jurisdictional issue. But it remains binding precedent in this circuit, it facilitates appellate review, and capable counsel can easily follow its precepts.

For the foregoing reasons, we DISMISS Defendants' appeals for lack of jurisdiction and REMAND to the district court for further proceedings.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

May 10, 2023

To Counsel of Record

RE:      **22-8050, 22-8063, Gramercy Distressed Opportunity Fund, et al v. Piazza, et al**
         Dist/Ag docket: 2:21-CV-00223-NDF

Dear Counsel:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

                                        Sincerely,

                                        Christopher M. Wolpert
                                        Clerk of Court

CMW/klp

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B), this document contains 3,100 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in size 14 Century Schoolbook font.

DATE: May 24, 2023

> */s/Christopher M. Jackson*
> Gregory E. Goldberg
> Christopher M. Jackson
> HOLLAND & HART LLP
>
> W. Gordon Dobie
> Jeanifer E. Parsigian
> Emily N. Kath
> Katherine Kyman
> WINSTON & STRAWN LLP

CERTIFICATE OF SERVICE

I certify that on May 24, 2023, I served the foregoing Petition on all counsel of record through electronic filing using the Court's ECF system.

/s/ Kathleen O'Riley
Kathleen O'Riley

21493825_v3