Jeffrey Pope, WY S.B. No. 7-4859
Bryson C. Smith, WY S.B. No. 7-6199
HOLLAND & HART LLP
645 South Cache Street, Suite 100
P.O. Box 68
Jackson, WY 83001-0068
Telephone: (307) 734-9741
Facsimile:  (307) 739-9744
jspope@hollandhart.com
bcsmith@hollandhart.com

Greg Goldberg
HOLLAND & HART LLP
557 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295 - 8099
Facsimile:  (303) 668 - 7524
ggoldberg@hollandhart.com

W. Gordon Dobie (*Pro Hac Vice*)
Emily N. Kath (*Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700
wdobie@winston.com
ekath@winston.com

Jeanifer E. Parsigian (*Pro Hac Vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1469
Facsimile:  (415) 591-1000
jparsigian@winston.com

*Attorneys for Defendants Nicholas Piazza, SP Capital Management, LLC, Oleksandr Yaremenko, TNA Corporate Solutions, LLC, and Oleg Bakhmatyuk*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| Gramercy Distressed Opportunity Fund II, L.P., Gramercy Distressed Opportunity Fund III, L.P., Gramercy Distressed Opportunity Fund III-A, L.P., Gramercy Funds Management LLC, Gramercy EM Credit Total Return Fund, and Roehampton Partners LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Nicholas Piazza, SP Capital Management, LLC, Oleksandr Yaremenko, and TNA Corporate Solutions, LLC, and Oleg Bakhmatyuk<br><br>Defendants. | Civil Action No. 0:21-cv-00223-NDF<br><br>Judge:  Hon. Kelly Rankin<br><br>**DEFENDANT NICHOLAS PIAZZA DECLARATION IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

Nicholas Piazza, being first duly sworn states as follows:

1. I am a defendant in this action and have personal knowledge of the facts stated in this declaration.

2. If called to testify, I could and would testify competently about the information set forth in this declaration. I am over 18 years of age and competent to give this statement based on my personal knowledge, information, and belief.

3. I submit this declaration in support of Defendants' Motion to Compel Arbitration.

4. I live in Cody, Wyoming and work in both Cody and Ukraine.

5. I am one of three partners and the CEO of SP Capital Management, LLC, which has had an office in Ukraine for years. The two other partners of SP Capital Management, LLC include my wife and Alex Yaremenko, another defendant in this suit.

6. Through SP Capital Management, LLC, I acquired unsecured Notes in both UkrLandFarming PLC ("ULF") and its subsidiary Avangardco IPL ("AVG") in 2018.

7. Through SP Capital Management, LLC, I have held unsecured Notes in both ULF and AVG from 2018 to present. In total, I own unsecured ULF Notes with a nominal value of $90,451,579 and AVG Notes with a nominal value of $ 35,582,841.

8. In acquiring these Notes, on behalf myself and SP Capital Management, LLC, I agreed and intended to be bound by the arbitration agreements, which state:

> AVG Notes: "Any dispute arising out of or connected with the Notes, the Trust Deed, or the Surety Agreement, including a dispute as to the validity, existence or termination of the Notes, the Trust Deed or the Surety Agreement or the consequences of their nullity and/or this Condition 20.02 (a Dispute) shall be resolved . . . by arbitration in London, England, conducted in the English language by three arbitrators, in accordance with LCIA Rules . . . ." Ex. 5A § 20.2.[1]

---

[1] The AVG trust deed reproduces the full form language of the AVG notes at Schedule 2.

AVG Trust Deed: "Any dispute arising out of or connected with these presents, including a dispute as to the validity, existence or termination of the presents or the consequences of their nullity and/or this clause 29.01 (a Dispute), shall be resolved . . . by arbitration in London, England, conducted in the English language by three arbitrators, in accordance with LCIA Rules . . . ." *Id.* § 29.1.[2]

ULF Notes: "[A]ny dispute arising out of or in connection with the Notes, the Trust Deed, the Surety Deed and these Conditions (including a dispute regarding the existence, validity or termination hereof or thereof and a dispute relating to non-contractual obligations arising out of or in connection herewith or therewith) (a 'Dispute') shall be referred to and finally resolved by arbitration under the LCIA Arbitration Rules . . . ."  App'x at 1544. Ex. 6A § 19.2.1.[3]

ULF Trust Deed. "[A]ny dispute arising out of or in connection with this Trust Deed (including a dispute regarding the existence, validity or termination of this Trust Deed and a dispute relating to non-contractual obligations arising out of or in connection with this Trust Deed) (a 'Dispute') shall be referred to and finally resolved by arbitration under the LCIA Arbitration Rules . . . ."  *Id.* at § 23.2.1.[4]

9.  Attached as **Exhibit 1** is a true and correct copy of excerpts of the UkrLandFarming PLC Subscription Agreement dated May 16, 2013.

10. Attached as **Exhibit 1A** is a true and correct copy of the UkrLandFarming PLC Subscription Agreement dated May 16, 2013.

11. Attached as **Exhibit 2** is a true and correct copy of the Avangardco IPL Subscription Agreement dated October 27, 2010.

12. Attached as **Exhibit 3** is a true and correct copy of excerpts of the UkrLandFarming PLC Prospectus (U.S. $75,000,000) dated June 28, 2013.

---

[2] The arbitration clause in the AVG trust deed differs from the clause in the note only in referring to "these presents" (in the trust deed) or "the Notes, the Trust Deed or the Surety Agreement" (in the note at Schedule 2).

[3] The ULF trust deed reproduces the full form language of the ULF notes at Schedule 5.

[4] The arbitration clause in the ULF trust deed differs from the clause in the ULF note only in referring to "the Trust Deed" (in the ULF trust deed) or "the Notes, the Trust Deed or the Surety Agreement" (in the ULF note at Schedule 5).

13. Attached as **Exhibit 3A** is a true and correct copy of the UkrLandFarming PLC Prospectus (U.S. $75,000,000) dated June 28, 2013.

14. Attached as **Exhibit 4** is a true and correct copy of excerpts of the Avangardco IPL Prospectus (U.S. $200,000,000) dated October 27, 2010.

15. Attached as **Exhibit 4A** is a true and correct copy of the Avangardco IPL Prospectus (U.S. $200,000,000) dated October 27, 2010.

16. Attached as **Exhibit 6** is a true and correct copy of SP Capital Management, LLC's brokerage statement, demonstrating my ownership of AVG and ULF Notes through SP Capital Management, LLC.

17. On behalf of myself and SP Capital Management, LLC, I consent to the jurisdiction of the London Court of International Arbitration ("LCIA") in England to resolve the claims that Gramercy has raised in its Complaint in this action.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 07/11/2024

_____
Nicholas Piazza